NOT DESIGNATED FOR PUBLICATION

No. 126,235

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASSONDRA L. DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH MAUGHAN, judge. Submitted without oral argument. Opinion filed May 24, 2024. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM:  Cassondra L. Davis appeals the revocation of her probation in two cases—20-CR-2104 and 21-CR-970—raising two issues. She argues that the district court (1) improperly applied the offender welfare exception in K.S.A. 22-3716(c)(7)(A) when it revoked her probation in both cases and (2) abused its discretion by revoking probation because no reasonable person would have done so. Finding no error, we affirm the district court.

1

In March 2021, Davis pleaded guilty in Sedgwick County case No. 20-CR-2104 to unlawful possession of methamphetamine and was sentenced to an 18-month probation term with a 26-month underlying prison sentence. Within a few months, Davis was arrested for violating her terms of probation by testing positive for methamphetamine, failing to report, failing to engage in treatment, and for committing new felony offenses. For violating her probation in 20-CR-2104, the district court revoked but reinstated Davis' probation, extended it for 12 months, and ordered her to serve a 2-day jail sanction and complete a mandatory residential treatment program.

Two months later, Davis again violated her probation by being removed from the residential treatment facility for being disrespectful and verbally threatening the staff. After Davis admitted the violation, the court modified her probation conditions to include 90 days of GPS monitoring, completion of an anger management program, completion of a sober living program for a minimum of 120 days, obtaining a drug and alcohol evaluation, and the requirement that Davis follow all recommendations. The district court did not impose any additional intermediate jail sanction.

Thereafter, in December 2021, Davis pleaded guilty in Sedgwick County case No. 21-CR-970 to possession of oxycodone—the drug possession case referenced in Davis' first probation violation. After making border-box findings that a treatment program would be more effective than the presumptive prison term in reducing her risk of recidivism, the district court sentenced Davis to an 18-month probation term with a 28-month underlying prison term.

Two separate warrants were issued in both cases in August 2022. The warrants alleged that Davis violated numerous terms of her probation, including submitting one

positive urine sample for methamphetamine and another one for fentanyl, failing to report to her supervising officer, failing to attend treatment programs, and failing to report as required. Davis waived an evidentiary hearing and admitted to violating her probation. She indicated to the district court that she was extremely willing to participate in the treatment programs and argued that probation would better address her addictions than prison. Davis also argued that she was not a danger to society and noted that she had not received an intermediate sanction in case No. 21-CR-970. Davis requested that her probation be reinstated and extended or, in the alternative, asked the district court to modify her sentences if her probation was revoked. The State requested revocation and opposed any modification. The district court revoked probation in both cases and ordered Davis to serve her sentences without modification.

Davis timely appeals.

ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in certain circumstances). An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The movant bears the burden of showing an abuse of discretion. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

3

Davis admits she violated her probation in both cases. Generally, the district court may not impose the defendant's prison sentence for violating probation conditions without first imposing intermediate sanctions. K.S.A. 22-3716(c). Although Davis had received intermediate sanctions in the 2020 case, the district court recognized—and the parties agree—this was Davis' first probation violation in the 2021 case and that she had not received any sanction in that case.

But there are exceptions which permit the court to bypass the sanctions, and the district court here applied what is known as the offender welfare exception. It permits revocation of probation without first imposing a sanction when "[t]he court finds and sets forth with particularity the reasons for finding . . . that the welfare of the offender will not be served by such sanction." K.S.A. 22-3716(c)(7)(A). Davis contends the district court erred because it failed to articulate "with exactitude of detail" why sanctions would not serve Davis' welfare. The State disagrees.

*The district court did not err in applying the offender welfare exception.*

When invoking the welfare offender exception, the district court must make findings that are "'distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). Because the statute requires the court to set forth with particularity the reason for finding the exception applies, "an implicit determination is not enough." 308 Kan. at 652. The district court must do more than make a generalized finding that the defendant is not amenable to probation to bypass intermediate sanctions. *State v. Duran*, 56 Kan. App. 2d 1268, 1275, 445 P.3d 761 (2019), *rev. denied* 312 Kan. 895 (2020). And a conclusory remark about a probationer's unwillingness or inability to follow the probation terms is not enough to establish how the probationer's welfare would not be served by imposing intermediate sanctions. *State v. McFeeters*, 52 Kan. App. 2d

4

45, 49, 362 P.3d 603 (2015). Whether the reasons set forth by the district court were particularized enough is a question of law over which an appellate court exercises unlimited review. See 52 Kan. App. 2d at 49.

After finding Davis violated her conditions of probation in both cases, the court revoked her probation, stating:

"As I said, I do find you are in violation of your probation. In looking over in the 20 CR case at the prior probation violation hearings, there was ordered a 48-hour quick dip, GPS for 90 days, and sober living. I mean, we have done everything, including anger management, obtain a drug and alcohol evaluation. Your attorney is absolutely correct, I can order that you complete sober living, order that complete drug and alcohol. I have done all of that, and you failed to do it. So there's nothing else that I can do at this point in time.

"Therefore, I will follow the recommendations. I will make the finding that you are not amenable to probation. Although, this is your first probation violation in the 21 case, your probation conditions are the exact same as in 2020 case, which you have failed to abide by. You continued to use. You have not completed drug and alcohol evaluation—or excuse me—the treatment, or provided proof of insurance. You are using fentanyl, as well as methamphetamine now. So the Court does find that you are a danger to yourself, and I will revoke your probation in both cases and have you serve your underlying sentence in each case.

"The request to modify sentence to run concurrent is denied. These are agreements that you have entered into, so I'm following the plea agreement as originally entered into. And you will serve both of your cases—your underlying sentence in each case."

The district court demonstrated thorough familiarity with Davis' circumstances and detailed her history and performance while on probation. That summary was not a general conclusory statement, rather, it chronicles Davis' specific circumstances. Part of the court's reasoning is that Davis was "not amenable to probation," which standing alone, is not sufficient. *Duran*, 56 Kan. App. 2d at 1275. But here, the court reviewed

Davis' individual history on probation, pointing out that the probation conditions in both cases were identical, and highlighted Davis' failure to take action to address her drug problem by failing to complete drug treatment and engage in sober living. In conjunction with this failure, the court observed that Davis had expanded her use of drugs from methamphetamine to now include fentanyl, leading to the court's conclusion, "the Court does find that you are a danger to yourself." We find the district court adequately articulated specific reasons which meet the statutory requirements for particularized findings in support of invoking the offender welfare exception.

Before addressing Davis' second argument, we note that the district court was not required to invoke any exception before revoking Davis' probation in the 2020 case. Under K.S.A. 22-3716(c)(1)(C), when a probation violation is proven, the court can revoke probation and impose the underlying prison sentence if the offender previously received an intermediate nonprison sanction under K.S.A. 22-3716(c)(1)(B). Davis concedes she violated her probation in the 2020 case and received an intermediate sanction after a previous probation violation. And the district court made the specific finding that it had imposed a prior sanction in 20-CR-2104. Thus, once a subsequent violation was established, as here, no additional sanction or other exception is required under the statutory framework of K.S.A. 22-3716(c) before revoking probation. Although it cited the welfare offender exception in the journal entry, the district court was not required to apply the offender welfare exception in order to revoke the 2020 probation. The district court's decision to revoke was within the statutory framework governing probation revocation because it had already imposed sanction for a previous violation. K.S.A. 22-3716(c)(2).

*The district court did not abuse its discretion when it revoked Davis' probation and imposed her underlying prison sentence.*

Davis next argues that the district court abused its discretion by revoking her probation, arguing that no reasonable person would agree with the decision of the district court. Her basic argument is that a nonviolent drug user and society are better served by the imposition of sanctions other than prison. Davis does not claim that the district court's decision was based on an error of law or fact. She only argues that the district court's decision to impose the underlying sentences rather than ordering sanctions or modifying the sentences was unreasonable.

Once a probation violation and an exception to the intermediate sanction requirement are established, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016).

Davis claims that because her violations were nonviolent in nature, it was unreasonable for her to be incarcerated just based on her drug abuse issues. Davis directs this court to two law review articles, suggesting that prison should not be the solution to resolve drug abuse and should be reserved only for violent offenders. Relying solely on these articles, Davis asserts that the district court erred when it imposed her underlying 54-month prison sentences when it could have imposed sanctions or modified her sentences. But our decision is guided by the directives in the probation revocation statute—K.S.A. 22-3716—and the facts of the case, rather than by academic literature. Such policy issues are not for the courts but for the Legislature. *State v. Aguilar*, No. 124,507, 2022 WL 16704362, at *3 (Kan. App. 2022) (unpublished opinion), *rev. denied* 317 Kan. 846 (2023).

7

The State contends that the district court's decision was reasonable and that the handling of the case shows leniency, flexibility, and empathy with respect to Davis' substance abuse issues. We find the record reflects that the district court allowed Davis multiple opportunities to avoid prison, beginning with making border-box findings in both cases at the outset, and only revoked Davis' probation when she turned to using fentanyl after her repeated and nearly wholesale failure to comply with her probation conditions. A district court's action is unreasonable when no reasonable person would have come to the same conclusion. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010). Under the circumstances, a reasonable person could well agree with the district court's decision to revoke probation, and we find no abuse of discretion by the district court.

Affirmed.